**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEFF JANICKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Jeff Janicki brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC. ("PRA").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant does business within this District.

### PARTIES

4.      Plaintiff Jeff Janicki  is an individual who resides in the Northern District of Illinois.

5.      Defendant PRA is a limited liability company with principal offices at 120 Corporate Boulevard, Norfolk, Virginia  23502.

6.      Defendant PRA does business in Illinois.  Its registered agent and office is

National Registered Agents Inc., 200 West Adams St.,Chicago, IL 60606.

7.      Defendant PRA is the principal subsidiary of a public company, Portfolio Recovery Associates, Inc.

8.      Defendant's parent describes its business as follows in its annual report on SEC Form 10-K for the year ending December 31, 2007:

> We are a full-service provider of outsourced receivables management and related services. Our primary business is the purchase, collection and management of portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retail merchants. We also provide a broad range of contingent and fee-based services, including collateral-location services for credit originators via PRA Location Services, LLC ("IGS"), fee-based collections through Anchor Receivables Management ("ARM") and revenue administration, audit and debt discovery/recovery services for government entities through PRA Government Services, LLC ("RDS"). . . . .

9.      Defendant PRA uses the mails and telephone system to conduct its business.

10.     Defendant PRA is a debt collector as defined in the FDCPA.

## FACTS

11.     Defendant has placed repeated telephone calls to plaintiff in an effort to collect an alleged debt.

12.     Plaintiff does not owe the alleged debt.

13.     Any such debt would have been incurred for personal, family or household purposes and not for business purposes.

14.     On August 30, 2010, plaintiff, via counsel, faxed a letter to PRA advising PRA to cease communication with plaintiff and that plaintiff was represented by counsel.  A copy of the letter and transmission receipt is attached as Exhibit A.

15.     Defendant has not ceased communication.

16.     Defendant placed another call to plaintiff on September 3, 2010, at 8.36 a.m., from 731-215-8010, a number issued to defendant.

17.     Defendant placed another call to plaintiff on September 8, 2010 from

2

731-215-8010, a number issued to defendant.

18. Defendant placed another call to plaintiff on September 10, 2010 at 8:33 a.m., from 205-423-4020, a number also issued to defendant.

19. Defendant placed another call to plaintiff on September 13, 2010, at 8.55 a.m., from 731-215-8010, a number issued to defendant.

## VIOLATIONS COMPLAINED OF

i.      Defendant thereby violated 15 U.S.C. §1692c,by contacting a represented debtor directly, and by continuing to contact plaintiff after being requested not to do so.

ii.     Section 1692c provides:

**§ 1692c.        Communication in connection with debt collection [Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**

**(2)      if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

**(c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**

**(1)      to advise the consumer that the debt collector's further efforts are being terminated;**

**(2)      to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**

**(3)      where applicable, to notify the consumer that the debt collector**

3

**or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

        (a)      Statutory damages;

        (b)      Attorney's fees, litigation expenses and costs of suit;

        (c)      Such other and further relief as the Court deems proper.

              <u>s/ Daniel A. Edelman</u>
              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

4

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

5